FILED & ENTERED

JUL 16 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NEW MEATCO PROVISIONS, LLC,<br><br><br><br><br><br><br><br>                Debtor. | Case No. 2:13-bk-22155-PC<br><br>Chapter 11<br><br>**MEMORANDUM DECISION**<br><br>Date:   July 10, 2013<br>Time:  9:30 a.m.<br>Place:  United States Bankruptcy Court<br>           Courtroom # 1468<br>           255 East Temple Street<br>           Los Angeles, CA  90012 |

Before the court is the Motion to Reconsider and Modify Terms of Order: (A) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases and the Abandonment of Personal Property Pursuant to 11 U.S.C. § 365 and 554; and (B) Establishing Rejection Procedures ("Motion") filed by ML Long Beach, LLC ("ML").  ML's Motion is opposed by the Debtor and Debtor in Possession, New Meatco Provisions, LLC ("New Meatco").  Having considered the Motion and opposition thereto, the reply, the evidentiary record, and arguments of counsel, the court makes the following findings of fact and conclusions

1

of law pursuant to F.R.Civ.P. 52(a),[1] as incorporated into FRBP 7052 and applied to contested matters by FRBP 9014(c).

## I. STATEMENT OF FACTS

On May 8, 2013, New Meatco filed its voluntary petition under chapter 11 of the Bankruptcy Code in the above referenced case.  Prior to the filing of the petition, New Meatco leased certain commercial property located at 2652 Long Beach Avenue, Los Angeles, California ("the Premises") pursuant to a Standard Industrial Lease Agreement between ML, as lessor, and New Meatco, as lessee, dated October 6, 2011.  The term of the lease was 150 months commencing November 1, 2011, and ending April 30, 2024.  The monthly rent and other charges under the lease were approximately $219,255.  Blue Planet International, Inc. ("Blue Planet") subleased approximately 30,740 of the Premises from New Meatco at a base rental rate of $11,500 per month pursuant to a Standard Sublease Multi-Tenant Agreement dated October 3, 2012.  The term of the sublease was 36 months commencing November 1, 2012, and ending October 31, 2015.  New Meatco did not receive rent from Blue Planet under the sublease after April 2013.

On April 9, 2013, ML served New Meatco with a Notice of Default alleging a failure to pay rent due under the lease.  On April 17, 2013, ML served New Meatco and Blue Planet with a Notice to Pay Rent or Quit pursuant to C.C.P. § 1161(2).  On April 23, 2013, ML filed a complaint for unlawful detainer in Case No. BC506742, styled <u>ML Long Beach, LLC v. New Meatco Provisions, LLC, et al.</u>, in the Superior Court of California, County of Los Angeles.  On May 3, 2013, ML and Blue Planet executed a Stipulation for Entry of Judgment under the terms of which Blue Planet stipulated to a judgment in favor of ML and against Blue Planet for

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").  "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

possession of the Premises.[2] The judgment was entered in the state court action on May 10, 2013.

On May 10, 2013, New Meatco surrendered the Premises to ML in broom-clean condition and turned over the keys to ML. According to ML, Blue Planet was still occupying a portion of the Premises on May 10, 2013.

On May 24, 2013, New Meatco filed a Motion for Order: (A) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases and the Abandonment of Personal Property Pursuant to 11 U.S.C. § 365 and 554; and (B) Establishing Rejection Procedures ("Rejection Motion") seeking authority to reject 25 executory contracts and unexpired leases, including the subject lease, retroactively as provided in the motion. New Meatco properly served all interested parties, including ML, with a copy of the Rejection Motion, together with a 14-day notice of the opportunity to request a hearing, pursuant to LBR 9013-1(o).

Although properly served, ML did not file a response in opposition to the Rejection Motion nor request a hearing. On June 11, 2013, New Meatco filed a declaration pursuant to LBR 9013-1(o)(3)(A) stating that it had not received opposition with respect to 24 of the 25 executory contracts and unexpired leases listed in the Rejection Motion and lodged a proposed order pursuant to LBR 9013-1(o)(3)(B). The court entered an Order: (A) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases and the Abandonment of Personal Property Pursuant to 11 U.S.C. § 365 and 554; and (B) Establishing Rejection Procedures ("Rejection Order") on June 12, 2013.

On June 18, 2013, ML filed its Motion seeking reconsideration of the Rejection Order. New Meatco's opposition and ML's reply were filed on June 26, 2013 and July 3, 2013, respectively. After a hearing on July 10, 2013, the court took the matter under submission.

---

[2] The court takes judicial notice of the Stipulation for Entry of Judgment entered in Case No. BC506742, styled <u>ML Long Beach, LLC v. New Meatco Provisions, LLC, et al.</u>, in the Superior Court of California, County of Los Angeles, on May 10, 2013. The judgment is marked "REC"D May 8, 2013 FILING WINDOW."

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

Rule 9023 makes Rule 59(e) of the Federal Rules of Civil Procedure applicable in bankruptcy cases. FRBP 9023. Rule 59(e) authorizes the filing of a motion to alter or amend a judgment not later than 14 days after entry of the judgment. F.R.Civ.P. 59(e). Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). In the Ninth Circuit, "'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Kona Enters., 229 F.3d at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). Reconsideration may also be granted "as necessary to prevent manifest injustice." Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

In this case, the Order was entered on June 12, 2013. ML's Motion was filed on June 18, 2013 -- within 14 days of entry of the Order. ML's Motion is timely under FRBP 9023. ML's Motion does not allege newly discovered evidence nor an intervening change in controlling law. Nor does ML's Motion allege that reconsideration is necessary to prevent manifest injustice. ML alleges that the court committed clear error by authorizing rejection of the subject lease retroactive to the date that New Meatco surrendered the Premises to ML. According to ML, the Ninth Circuit's standard for retroactive lease rejection set forth in In re At Home Corporation, 392 F.3d 1064 (9th Cir. 2004) does not permit retroactive rejection to a date earlier than the motion filing date as a matter of law. Specifically, ML asserts:

> Given [New Meatco's] failure to demonstrate cause for retroactive application of a lease rejection date, the effective date for rejection of the lease on the Premises should be June 12, 2013. However, assuming the Court finds that circumstances

existed to permit a retroactive effective date of the Lease's rejection, in no event does [New Meatco] have authority to make the effective date retroactive as of May 10, 2013. At the earliest, the lease rejection effective date could only be May 24, 2013, the date the Rejection Motion was filed.[3]

New Meatco disagrees, arguing that the court properly applied the At Home standard and that the court had discretion under At Home to authorize rejection of the subject lease retroactively to the date the Premises was vacated and surrendered to ML.

In At Home, the At Home Corporation ("At Home") had leased two buildings from Pacific Shores Development Corporation, LLC ("Pacific Shores") for renovation and escrowed $20 million to fund the project. 392 F.3d at 1066. Before completing the project and taking possession of the leased premises, At Home filed a voluntary chapter 11 petition. Id. On the same day, At Home filed an Emergency Motion for Order Pursuant to 11 U.S.C. § 365(a) Authorizing Rejection of Unexpired Leases of NonResidential Real Property seeking to reject the unexpired leases with Pacific Shores retroactive to the petition date – September 28, 2001. Id. After a hearing on October 9, 2001, the bankruptcy court granted the motion and authorized rejection of the Pacific Shore's lease retroactive to the petition date reasoning that:

> (1) Debtor moved to reject the lease immediately upon filing its bankruptcy petition; (2) Debtor set the matter for hearing promptly; (3) Debtor was 'not in possession of the premises'; and (4) Pacific Shores opposed nunc pro tunc rejection without having suggested 'that this process should be speeded up so that [Pacific Shores] could get . . . its indefeasible right to re-let the premises.' In other words, Pacific Shores's sole 'interest [was] in running the administrative rent.'

Id. The district court affirmed. Pac. Shores Dev. LLC v. At Home Corp. (In re At Home Corp.), 292 B.R. 195, 204 (N.D. Cal. 2003). The Ninth Circuit affirmed, holding that "a bankruptcy court, exercising its equitable powers under 11 U.S.C. § 105(a), may approve the retroactive rejection of a nonresidential lease when 'necessary or appropriate to carry out the provisions of' § 365(d)." At Home, 392 F.3d at 1071. In so holding, the Ninth Circuit rejected Pacific Shores

---

[3] Motion 6:24-7:3.

argument for a strict rule requiring the landlord's to regain possession of the leased premises as a precondition to lease rejection, stating:

> In the absence of explicit direction from the statute itself, we decline to hamstring bankruptcy courts in this way. We prefer the straightforward approach adopted by the bankruptcy courts in cases such as Jamesway and CCI Wireless. After concluding that nothing in section 365 prohibits a bankruptcy court from selecting a retroactive date for the rejection of an unexpired lease[,] . . . the court[s] applied an abuse of discretion standard in considering whether the circumstances of the debtor's case merited retroactive rejection.' We expressly adopt that approach here.

Id. at 1072 (citations omitted).

The Ninth Circuit next identified four non-exclusive factors[4] to be applied by a bankruptcy court in making a determination whether "exceptional circumstances" warranted retroactive rejection: (1) the debtor's immediate filing of a motion to reject the lease; (2) a debtor's prompt action in setting that motion for hearing; (3) the vacancy of the leased premises; and (4) the landlord's conduct and motivation in opposing a retroactive rejection of the lease. Id. at 1072. The Ninth Circuit opined that the bankruptcy court did not abuse its discretion in granting At Home's motion retroactive to the petition date given the fact that At Home filed its motion and secured a hearing "at the earliest practicable date," At Home never occupied the leased premises, and Pacific Shores's opposition to retroactive relief was motivated by its "'interest in running the administrative rent . . . [rather than by] a concern to get this indisputable right to start re-letting the premises as quickly as possible.'" Id. at 1073-75. The Ninth Circuit concluded by stating that:

> We agree with the First Circuit's holding in Thinking Machines that a bankruptcy court has discretion to grant a motion to reject a nonresidential lease retroactively. The retroactive date of rejection need not be on or after the date on which the landlord regains possession.

Id. at 1075.

---

[4] "We need not and do not decide whether any one of the factors on which the bankruptcy court relied, standing alone, would justify an exercise of discretion. But in combination those factors supported the court's equitable decision." Id. at 1075.

6

ML reads <u>At Home</u> as essentially requiring a bankruptcy court to choose between two dates for rejection – the date of the order authorizing rejection, but in no event earlier than the date of the filing of the motion to reject the lease.  However, there is nothing in either <u>At Home</u> or the line of authority relied upon by the Ninth Circuit in adopting its retroactive lease rejection standard that expressly limits the bankruptcy court's equitable authority to establish a retroactive rejection date no earlier than the motion filing date.  See e.g., <u>Thinking Machs. Corp. v. Mellon Fin Servs. Corp. (In re Thinking Machs. Corp.)</u>, 67 F.3d 1021, 1029 (holding that the bankruptcy court "has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the date the trustee takes affirmative steps to reject the lease); <u>Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)</u>, 297 B.R. 133, 140 (Bankr. D. Colo. 2003) ("[B]ecause section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection <u>at least as early</u> as the filing date of the motion to reject." (emphasis added)); <u>Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)</u>, 179 B.R. 33, 38 (S.D.N.Y. 1995) (ordering lease rejection retroactive to the date the court would have approved rejection had it not been delayed in doing so by the landlord's frivolous objections); <u>In re O'Neil Theaters, Inc.</u>, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (authorizing retroactive rejection of a nonresidential real property lease to the petition date where the debtor had vacated the premises prepetition and landlord had locked the premises before the petition date); <u>In re Amber's Stores, Inc.</u>, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (permitting rejection retroactive to the petition date where the debtor had vacated the premises and relinquished the keys prior to bankruptcy).

On May 8, 2013, New Meatco filed its voluntary chapter 11 petition in this case.  On May 10, 2013, New Meatco surrendered the Premises in broom clean condition, returned the keys to ML, and vacated the Premises.  New Meatco filed and served the Rejection Motion 14 days later seeking authority to reject 25 executory contracts and unexpired leases, including the subject lease and related sublease with Blue Planet.  New Meatco's Rejection Motion included a request to approve an abandonment to ML of any personal property remaining on the Premises.  Because no hearing was requested as to 24 of the 25 executory contracts and unexpired leases

that were the subject of the Rejection Motion, the Rejection Order was entered on June 12, 2013, immediately after expiration of the 14-day period under LBR 9013-1(o), authorizing the rejection of 24 executory contracts and unexpired leases, including the subject lease and related sublease with Blue Planet. The Rejection Order provided that the subject lease and related sublease were rejected retroactive to the date the Premises were vacated and surrendered to ML, and that any personal property remaining on the Premises was abandoned to ML.

ML is correct in that New Meatco's Rejection Motion could have been filed as early as the petition date and that New Meatco could have sought a hearing either on an emergency basis or on shortened time pursuant to LBR 9075-1. While the Rejection Motion may not have been brought on the petition date, New Meatco sought and obtained at the earliest practicable date the Rejection Order which secured not only a rejection of the subject lease with ML and an abandonment of any personal property on the Premises, but also the rejection of 23 other executory contracts and unexpired leases. New Meatco secured the Rejection Order within 35 days of the petition date. There is no evidence that New Meatco made deliberate use of a long notice period to keep its options open. It had vacated the Premises and surrendered the keys to ML two days after the petition date. Rather than setting the Rejection Motion on regular notice, New Meatco opted to give 14-days notice of the Rejection Motion and an opportunity to request a hearing to reduce the administrative expenses associated with securing the Rejection Order and to expedite the rejection of the 25 contracts and leases that were the subject of the motion, including its lease with ML to give ML the opportunity to re-let the Premises. At that time, a creditors' committee had yet to be appointed in the case. Under the circumstances, the court believes there was no appreciable delay in seeking relief under § 365(d). To the extent there was delay, this factor tips in favor of ML.

New Meatco took affirmative steps to reject the subject lease with ML on May 10, 2013. New Meatco surrendered the Premises in broom clean condition, returned the keys to ML, and vacated the Premises on May 10, 2013. By not occupying the Premises, New Meatco made it easier for ML to re-let. ML admits that it knew prior to bankruptcy that New Meatco was preparing vacate the Premises. ML had filed a complaint for unlawful detainer against New

Meatco and its subtenant, Blue Planet. While that litigation was pending in state court, ML worked with New Meatco to arrange for inspections and leasing tours of the Premises. ML's Vice President, Vickie Ivey testified:

> I worked with Mr. Baring to arrange for inspections of the Premises and leasing tours between April 15, 2013 and May 10, 2013, in an attempt to mitigate the Landlord's losses assuming the Debtor eventually vacated the Premises prior to the expiration of the Lease. These inspections of the Premises included an appraisal inspection on April 24, 2013 by Landlord's lender, and leasing tours on April 15, 2013, May 2, 2013, and May 10, 2013. . . . While it became clear to me during the week prior to the Debtor vacating the Premises that the Debtor was winding up its affairs at the Premises, the Debtor did not provide the Landlord with any advance notice of either the Debtor's bankruptcy filing or exactly when the Debtor intended to vacate the Premises.[5]

Although ML may not have known prior to May 10, 2013, when New Meatco would actually vacate the Premises, ML had possession of the Premises on May 10, 2013. The photographs attached as Exhibits 1-6 to the declaration of Daniel Scouler belie the notion that the Premises were surrendered to ML on May 10, 2013, in any condition other than broom clean condition.[6] To the extent personal property of New Meatco remained on the Premises after surrender to ML, New Meatco took appropriate steps to abandon such property to ML in conjunction with its rejection of the lease. This factor weighs in favor of New Meatco.

ML argues that New Meatco did not fully vacate the Premises because it left a subtenant in possession. The fact that Blue Planet might still have occupied a portion of the Premises on May 10, 2013, does not change the court's conclusion that extraordinary circumstances existed warranting retroactive rejection to May 10, 2013. ML took action to recover the Premises from Blue Planet prior to the petition date. Blue Planet, a co-defendant with New Meatco in ML's

---

[5] Declaration of Vickie Ivey in Support of Reply in Support of Motion to Reconsider and Modify Terms of Order: (A) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases and the Abandonment of Personal Property Pursuant to 11 U.S.C. § 365 and 554; and (B) Establishing Rejection Procedures 2:16-24.

[6] Declaration of Daniel Scouler in Support of Debtor's Objection to Motion to Reconsider and Modify Terms of Order Authorizing the Rejection of Certain Executory Contracts and Leases and the Abandonment of Personal Property Pursuant to 11 U.S.C. §§ 365 and 554 ("Scouler Decl.), Ex. 1-6.

unlawful detainer action to recover the Premises, stipulated to a judgment awarding ML possession of the Premises prior to New Meatco's bankruptcy. New Meatco did not receive rent under its sublease with Blue Planet after April 2013, and New Meatco rejected its sublease with Blue Planet at the same time it rejected its lease of the Premises with ML effective May 10, 2013.

Finally, the amount of rent that would accrue under New Meatco's lease with ML as an administrative expense is no small sum. While ML states that its motivation in seeking reconsideration and opposing retroactive rejection "is merely . . . to properly secure its administrative rent claim,"[7] At Home makes it clear that "the amount of rent [is not] irrelevant to the equitable balancing that a court must perform when deciding whether to approve a motion to reject a lease retroactively." At Home, 392 F.3d at 1075. According to the Scouler Declaration, the monthly rent and other charges accruing under New Meatco's lease of the Premises is approximately $219,255.[8] Scouler testified that the allowance of an administrative claim of $219,255 per month for the period after May 10, 2013, when New Meatco vacated and surrendered the Premises to ML would, in his business judgment, significantly harm New Meatco, its estate, and its creditors."[9] This factor weighs in favor of New Meatco.

## CONCLUSION

In summary, the court applied the correct legal standard and properly weighted the At Home's non-exclusive factors in determining that New Meatco's unexpired lease of the Premises from ML could be rejected retroactively to May 10, 2013.[10] Because ML has failed to establish

---

[7] Motion 6:6-7.

[8] Scouler Decl. 4:27-28.

[9] Id. 5:1-4.

[10] The court finds no parallel between this case and West Valley Child Crisis Control, Inc. v. Westfest, LLC, Case No. CV10-1386-PHX-NVW, 2010 U.S. Dist. LEXIS 120552 (D. Ariz. Nov. 12, 2010), cited by ML. In West Valley, the debtor did not seek a retroactive lease rejection date in its motion. Only after the lessor expressed no opposition to the debtor's motion did the debtor seek a retroactive effective date for lease rejection in its reply. The bankruptcy court denied the retroactive relief and the district court affirmed. In this case, New Meatco

that the court either committed clear error or abused its discretion in authorizing rejection of ML's lease retroactive to May 10, 2013, reconsideration of the Rejection Order entered on June 12, 2013 will be denied.

The court will enter an order denying the relief requested in the Motion consistent with this Memorandum Decision.

### 

Date: July 16, 2013

Peter H. Carroll
United States Bankruptcy Judge

sought a retroactive lease rejection date in its original motion supported by evidence of extraordinary circumstances.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): __Memorandum Decision__ was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 07-16-2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Craig H Averch    caverch@whitecase.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com
- Bernard D Bollinger    bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- William S Brody    wbrody@buchalter.com, rreeder@buchalter.com;IFS_filing@buchalter.com
- Gary B Elmer    gelmer@ciardilaw.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Bernard R Given    bgiven@loeb.com, mortiz@loeb.com
- Gregory K Jones    gjones@stutman.com
- Sheri Kanesaka    skanesaka@alvaradosmith.com, crosas@alvaradosmith.com
- Mette H Kurth    kurth.mette@arentfox.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- James A McCullough    jmccullough@brunini.com, mallen@brunini.com;vwycoff@brunini.com
- Scott H Olson    solson@seyfarth.com
- Mark M Sharf    mark@forbankruptcy.com, msharf00@gmail.com
- Jane K Springwater    jspringwater@friedmanspring.com, jquiambao@friedmanspring.com
- Gary A Starre    gastarre@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page