FILED & ENTERED

MAR 10 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 2:13-bk-22155-PC |
| | ) | |
| NEW MEATCO PROVISIONS, LLC, | ) | Chapter 11 |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| | ) | |
| | ) | Date: March 5, 2014 |
| | ) | Time: 9:00 a.m. |
| | ) | Place: United States Bankruptcy Court |
| | ) | Courtroom # 1468 |
| Debtor. | ) | 255 East Temple Street |
| | ) | Los Angeles, CA  90012 |

Debtor, New Meatco Provisions, LLC ("New Meatco") seeks a third extension of the exclusivity periods provided in 11 U.S.C. § 1121(b) – (d).  The Official Committee of Unsecured Creditors ("Creditors' Committee") not only opposes New Meatco's motion, but seeks by competing motion a termination of the exclusivity periods so it can proceed with an alternative plan. Having considered the papers, the evidentiary record, and arguments of counsel, the court makes the following findings of fact and conclusions of law pursuant to F.R.Civ.P. 52(a),[1] as incorporated into FRBP 7052 and applied to contested matters by FRBP 9014(c).

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse

1

I. <u>STATEMENT OF FACTS</u>

On May 8, 2013, New Meatco filed its voluntary petition under chapter 11 of the Bankruptcy Code in the above referenced case. New Meatco filed chapter 11 for the specific purpose of conducting an orderly liquidation of its remaining assets to pay allowed claims in the case. New Meatco was not operating on the petition date, having sold all of its operating assets, including inventory and accounts receivable, to Harvest Meat Company, Inc. prior to bankruptcy. In its schedules, New Meatco disclosed liabilities in excess of $33 million, and assets consisting of cash and deposits totaling $891,836, office equipment valued at $3,051, and avoidance actions of an unknown value. The Creditors' Committee was appointed on June 3, 2013.

On September 4, 2013, New Meatco filed its first motion seeking an extension of the exclusivity periods under § 1121. There was no opposition to the motion. On October 17, 2013, an order was entered (1) extending the 120-day period in which New Meatco had the exclusive right to file a plan from September 5, 2013 to and including October 31, 2013; and (2) extending the 180-day period within which New Meatco had the exclusive right to obtain acceptance of a plan from November 4, 2013 to and including December 31, 2013.

On November 1, 2013, the court approved a stipulation between New Meatco and the Creditors' Committee that provided for a second extension of New Meatco's exclusivity periods under § 1121. Under the stipulation, New Meatco's exclusive right to file a plan was extended from October 31, 2013 to and including November 5, 2013, and New Meatco's exclusive right to obtain acceptance of a plan was extended from December 31, 2013 to and including January 4, 2014.

On November 5, 2013, New Meatco filed its original disclosure statement and proposed plan, and set a hearing on the disclosure statement for December 11, 2013. Before that hearing

---

Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

was conducted, New Meatco filed a first amended disclosure statement and first amended plan on November 27, 2013, which contained terms substantially different that those set forth in the original disclosure statement and plan.  The court declined to permit New Meatco to proceed to a hearing on its first amended disclosure statement on December 11, 2013, and New Meatco ultimately set a hearing on the adequacy of its first amended disclosure statement for January 22, 2014.  On December 11, 2013, however, New Meatco again changed its mind by filing yet another disclosure statement and proposed plan -- New Meatco's Second Amended Disclosure Statement and Second Amended Plan.  The Creditors' Committee responded by filing its motion on December 18, 2013, seeking a termination of New Meatco's exclusivity periods.[2]

By its motion filed on January 3, 2013, New Meatco seeks a further extension of the exclusive period to obtain acceptance of a plan from January 4, 2014, to and including March 16, 2014.  New Meatco asks that exclusivity be extended so that it can move toward confirmation and resolve disputed issues existing between itself, the Creditors' Committee and other constituents through mediation, either voluntarily or pursuant to Court order.[3]  New Meatco argues that "the prospect of competing third-party plans and confirmation litigation at this juncture in the case, which would further delay the pending disclosure statement hearing, would only serve as a distraction, with the potential to waste the resources of parties in interest as well as this Court."[4]

The Creditors' Committee, on the other hand, points to the legislative purpose of the exclusivity period, which it argues is to "strike a balance between debtors' interests in successful <u>reorganization</u> and the legitimate interest of creditors, whose money 'is in the debtor's enterprise.'"[5]  The Creditors' Committee not only opposes New Meatco's request for a third

---

[2]  Motion for Order Terminating the Exclusive Periods in Which Only the Debtor May File a Plan and Solicit Acceptances Thereof ("Creditors' Committee's Termination Motion").

[3]  Motion for Third Order Extending the Debtor's Exclusivity Period Pursuant to 11 U.S.C. § 1121(B)-(D) ("New Meatco's Exclusivity Motion"), 2:1-5; 14:5-10.

[4]  <u>Id.</u> at 2:5-8; 14:10-12.

exclusivity extension but seeks immediate termination of New Meatco's remaining exclusivity period because "(i) [New Meatco] has already received two exclusivity extensions and has failed to propose a plan that has the support of the Committee, (ii) [New Meatco] is not operating a business, has no assets to liquidate and is only seeking to recover the proceeds of claims and causes of action, (iii) this case is not large or complex, and (iv) the creditors are the only parties in interest that will receive anything under a confirmed plan and should thus have the opportunity to file a plan that the creditors can support."[6]

After the initial hearing on January 5, 2014, the court continued the competing motions to February 5, 2014 -- the date scheduled for a hearing on New Meatco's Second Amended Disclosure Statement. However, all matters were continued to March 5, 2014, as the parties sought unsuccessfully to reach a consensual resolution of the disputed issues. After a hearing on March 5, 2014, the court took the matters under submission.

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

In chapter 11, a debtor in possession has the exclusive right to file a plan during the first 120 days following the filing of the petition. 11 U.S.C. § 1121(b). A debtor in possession also has the exclusive right for a period of 180-days to obtain the acceptance of any plan filed within the 120-day period. 11 U.S.C. § 1121(c)(3). The court may, on the request of a party in interest, reduce or increase the 120-day period or the 180-day period. 11 U.S.C. § 1121(d)(1). The party seeking such an extension or reduction must establish that there is cause for the court to do so based upon the facts and circumstances of the particular case. See, e.g., In re Dow Corning Corp., 208 B.R. 661, 663 (Bankr. E.D. Mich. 1997) ("[T]he party seeking to terminate or modify

---

[5] Opposition to Motion for Third Order Extending the Debtor's Exclusivity Period Pursuant to 11 U.S.C. § 1121(B)-(D), 2:2-3 (quoting H.R. Rep. No. 95-595, at 232 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6191) (emphasis added).

[6] Id. at 3:13-18.

a debtor's exclusivity period bears the burden of proof since it is the moving party who seeks to change the status quo."); In re Newark Airport/Hotel Ltd. P'ship, 156 B.R. 444, 451 (Bankr. D.N.J. 1993) ("Since the debtor seeks the extension, the burden is on it to demonstrate the existence of good cause."), aff'd, 155 B.R. 93 (D.N.J. 1993).

To divine whether there is cause to extend or reduce exclusivity, courts typically apply a number of non-exclusive factors – the so-called Dow Corning factors, which include:

1. The size and complexity of the case;
2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
3. The existence of good faith progress toward reorganization;
4. The fact that the debtor is paying its bills as they come due;
5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;
6. Whether the debtor has made progress in negotiating with its creditors;
7. The amount of time which has elapsed in the case;
8. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
9. Whether an unresolved contingency exists.

Dow Corning, 208 B.R. at 664-665; see Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.), 282 B.R. 444, 452 (9th Cir. BAP 2002) ("A variety of matters probative to § 1121(d) 'cause' are standardly applied."). "A decision whether to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court and is fact-specific." In re Adelphia Communications Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006).

At this time, the totality of the Dow Corning factors weigh in favor of the Creditors' Committee's request that New Meatco's Exclusivity Motion be denied and that exclusivity be terminated. New Meatco is not an operating entity. There is no business to reorganize. This is a liquidation case which is neither large or complex, but it has been pending for nearly a year without a confirmed plan. New Meatco filed three plans in six weeks, but the court has yet to proceed to the merits of a disclosure statement because of acrimony and finger-pointing between New Meatco and the Creditors' Committee which disrupted negotiations in November and December and has been followed by protracted litigation between the parties. While New

Meatco has made progress in negotiating with the Creditors' Committee and other constituents towards a consensual plan since the Creditors' Committee filed its Temination Motion, those negotiations continue to be acrimonious and have reached an impasse. There may be unresolved avoidance actions, but there are no unresolved contingencies that would prevent New Meatco from proposing a plan to distribute to creditors the liquidated funds of the estate. The court also questions whether New Meatco thoroughly appreciates its fiduciary duties to the estate and its creditors given its apparent intransigence over the current language of an Exculpation and Limited Liability Clause contained in its proposed plan – the scope of which the Creditors' Committee attacked at oral argument and will not accept. Finally, there is little credible evidence upon which the court can base a finding that New Meatco will either make further progress in negotiating with creditors or be able to present a plan of liquidation that has creditor support and a prospect at confirmation within a reasonable period of time. The court agrees with the Creditors' Committee that it is time "the playing field [is] leveled so that all the players, including the debtor, [have] an even chance in proposing a . . . plan which might be acceptable to the creditors in the case." In re General Bearing Corp., 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992).

At oral argument, the Creditors' Committee advised the court that New Meatco had threatened to convert the case to a case under chapter 7 rather than agree to modify the Exculpation and Limited Liability Clause contained in its proposed plan, and asked that the court order New Meatco to provide the Creditors' Committee with 10-days notice of any request for conversion made pursuant to § 1112 (a). The court declines to make such an order. However, New Meatco is reminded that any dismissal of a chapter 11 case, or conversion of a chapter 11 case to a case under chapter 7, requires 21-days notice by mail under FRBP 2002(a)(4). Notice under FRBP 2002(a)(4) has been interpreted by bankruptcy courts to include a motion by a chapter 11 debtor in possession to convert to chapter 7. See, e.g., In re Modern Metal Prods., 422 B.R. 118, 121 (Bankr. N.D. Ill. 2009) ("[A] Debtor's request to convert does not have an automatic or self-executing effect, but instead 'shall be on motion filed and served as required by Rule 9013'"); In re Adler, 329 B.R. 406, 409 (Bankr. S.D.N.Y. 2005) ("The fact that a motion

pursuant to section 1112(a) must be noticed to creditors, pursuant to Bankruptcy Rule 2002 and not by a simple filing of a notice to convert, evidences the Court's continued authority to determine the motion.").

## CONCLUSION

Based upon the foregoing, the court will deny New Meatco's Exclusivity Motion and grant the Creditors' Committee's Termination Motion.  The Creditors' Committee must not file or serve a disclosure statement or proposed plan of reorganization earlier than 5:00 p.m. on March 17, 2014.  In the event a disclosure statement and proposed plan of reorganization is filed by the Creditors' Committee not later than March 21, 2014, a hearing on the adequacy of the Creditors' Committee's disclosure statement may be set on shortened time for 9:00 a.m. on April 9, 2014, in the United States Bankruptcy Court, Courtroom # 1468, 255 E. Temple Street, Los Angeles, CA 90012; and the Creditors' Committee must serve notice of the date, time and place of the hearing by fax, email, overnight mail, or personal service on New Meatco, New Meatco's counsel, the United States trustee, and any other party in interest entitled to notice under the rules.

The court will enter separate orders consistent with this Memorandum Decision.

###

Date: March 10, 2014

Peter H. Carroll
United States Bankruptcy Judge